In the Matter of the Application of CHARLES I. H. GREENBAUM, Petitioner, for an Order Discharging a Mortgage for $5,000 and Accrued Interest, Held by the JAMAICA SAVINGS BANK, Respondent, on the Premises Known as 104–12 150th Street, Jamaica, Queens County, N. Y.

Supreme Court, Queens County, October 2, 1939.

*Isidore Canner*, for the petitioner.

*Street & Adikes* [*Charles H. Street* of counsel], for the respondent.

*Louis H. Roth*, guardian *ad litem*, for Seymour Greenbaum, an infant.

WENZEL, J. Upon this application for an order discharging a mortgage, pursuant to section 322 of the Real Property Law, the following uncontroverted facts appear:

On August 27, 1906, one Samuel Greenbaum, the father of the petitioner, made the mortgage sought to be discharged. On September 25, 1915, he died leaving a will devising the mortgaged premises and others to his widow in trust during her life, and upon her death to three of his sons, one of whom is the petitioner herein. On March 13, 1935, the petitioner, who was then seized of an undivided one-third interest in the mortgaged premises, tendered to the respondent the principal and interest on the mortgage, but the respondent declined to receive the same, for the claimed reason that the securities were with its attorneys. At that time no action to foreclose the mortgage had been commenced. However, on March 14, 1935, service of the summons and complaint in an action to foreclose was effected.

Thereafter, and on April 22, 1935, the petitioner, who was a defendant in said action, procured an order granting him leave to bring the sum of $5,240.63 previously tendered to the plaintiff into court by paying the same to the then chamberlain of the city of New York to the credit of the action. On April 25, 1935, said sum was deposited pursuant to the order.

Thereafter, and on May 10, 1935, after the deposit with the chamberlain, pursuant to the order and before the trial, the respondent herein (plaintiff in the foreclosure action) paid taxes and penalties then liens upon the mortgaged premises amounting to $5,709.50. This payment was erroneous to the extent of $2,373.07, due to the fact that a portion of the original mortgaged premises had been previously released from the lien of the mortgage. The respondent has been reimbursed by the city of New York to the extent of such

overpayment, so that the respondent actually paid $3,336.43 for taxes, assessments and penalties subsequent to the tender and deposit.

The action to foreclose came on for trial and resulted in a judgment for the defendants dismissing the complaint on the pleaded and proven defense of tender. This judgment was affirmed upon appeal, and leave to appeal to the Court of Appeals was denied. (*Jamaica Savings Bank* v. *Greenbaum*, 255 App. Div. 984; 256 id. 829.)

On May 12, 1939, the respondent applied to the court for and procured an order directing the city treasurer to pay to it the sum of money deposited by petitioner on April 25, 1935.

Respondent refuses, after demand, to deliver the bond and mortgage and satisfaction thereof; hence this application, which raises two questions, the answers to which are decisive on this application:

*First.* What was the effect of the tender made in advance of the commencement of the action, and thereafter kept good by the deposit with the chamberlain? The answer to this question is decisive of the right of respondent to pay the taxes and assessments thereafter. Perhaps the clearest exposition of the principle is to be found in *Kortright* v. *Cady* (21 N. Y. 343), where it was held: " The proposition, that a tender of the money due on a mortgage, made at any time before a foreclosure, discharges the lien, is the logical result of premises which are admitted to be true. These are, that the mortgagor has the same right, after as before a default, to pay his debt, and so clear his estate from the incumbrance; and that payment being actually made, the lien thereby becomes extinct. We have, then, only to apply an admitted principle in the law of tender, which is, that tender is equivalent to payment as to all things which are incidental and accessorial to the debt. The creditor, by refusing to accept, does not forfeit his right to the very thing tendered, but he does lose all collateral benefits or securities [citing cases]. Thus, after the tender of a money debt, followed by payment into court, interest and costs cannot be recovered. The instantaneous effect is to discharge any collateral lien, as a pledge of goods or the right of distress. It is not denied that the same principle applies to a mortgage, if the tender be made at the very time when the money is due. If the creditor refuses, he justly loses his security. It is impossible to hold otherwise, although the tender be made afterwards, unless we also say that the mortgage, which was before a mere security, becomes a freehold estate by reason of the default. That this is not true, has been sufficiently shown."

The right of the mortgagee to pay taxes and assessments after tender was dependent upon the existence in it of a lien by way of mortgage, and, as has been demonstrated, this lien ceased to exist upon tender and deposit.

*Second.* Is the petitioner entitled to the relief which he seeks in this proceeding, or is he confined to an action in equity?

The pertinent language of section 322 of the Real Property Law reads as follows: " * * * where for any reason production of said mortgage * * * is refused by the person having the same in his possession, any person having any interest in securing the discharge of the same may apply to the Supreme Court * * * of the county in which property affected by the mortgage, or any part thereof, is situated, upon a petition duly verified, containing the name and address of the owner of the property covered by the mortgage, the name and address of the owner of the bond and mortgage, to the best of the petitioner's knowledge and belief, and the owner thereof as appears of record, a full description of the mortgage and of any assignments thereof, that may appear upon the record, including the names of the mortgagor, mortgagee, assignor, assignee, date, amount, and the place, book, page and time of record of said mortgage and any assignments thereof, and a description of the property affected thereby, and showing * * * the refusal to produce the said mortgage by the person having the same in his possession, and the interest of the petitioner in the property or the mortgage, together with an official search of the recording officer in whose office the mortgage is recorded showing assignments of record, if any, for an order dispensing with the production of the said mortgage and directing the discharge thereof. The court may ascertain the amount of the reasonable expenses, including counsel fees, to obtain the discharge of such mortgage and may order that such amount be paid to the petitioner by the mortgagee or his or its successor in interest, * * * provided that the person, persons or corporation sought to be charged with such expenses shall have been made a party to the proceeding, and that the petition contain a request to the effect that the court award to the petitioner the reasonable expenses of the proceeding. * * * Upon the return day of such notice * * * the court, upon due proof or service of the notice, * * * upon the parties above specified, and on further proof of the identity of the person presenting the petition, shall inquire, in such manner as it may deem advisable, into the truth of the facts set out in the petition, and upon proof satisfactory to the court * * * that the production (the mortgage) is refused by the person having the same in his possession, and as to identity of the mortgagee, * * * the court shall make an order dispensing with the production of the mortgage and directing its cancellation of record, as hereinabove provided."

Said section further provides that where the mortgagee refuses or neglects to give the certificate to discharge the mortgage, the

court may direct the amount due on the bond and mortgage to be paid to an officer allowed to hold court funds and moneys deposited into court, and direct that the mortgage be canceled of record upon production of a certified copy of the order and the receipt of the officer showing that the amount of the mortgage has been deposited with him, which receipt shall be a substitute for the certificate of discharge. It further provides that if it appear to the satisfaction of the court that the principal sum and interest due upon the mortgage or the bond accompanying the same has been fully paid, then the said deposit of money hereinabove provided shall be dispensed with.

Either this section has a meaning or it has not. The court holds that it is intended to provide a summary method of procuring the discharge of mortgages where the mortgagee refuses to do so voluntarily. To hold otherwise would be to hold that the Legislature in enacting it made an idle gesture.

There being no controverted questions of fact, the court disposes of the matter on the law. Application granted; $100 allowed to the petitioner as and for reasonable expenses and counsel fees; twenty-five dollars to the guardian *ad litem*.

Submit order.